# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,** | **1:14-CV-217-LJO-GSA** |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 11)** |
| v. | |
| **CENTEX HOMES, et al.,** | |
| **Defendants.** | |

## I. INTRODUCTION

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Fresno County Superior Court. On February 18, 2014, Plaintiffs brought suit in this Court against Defendants based on the undisputed diversity of citizenship between the parties.

Defendant Centex Homes ("Centex"), a residential homebuilding company, obtained commercial general liability insurance from Plaintiffs. In December 2013, homeowners brought suit against Centex in Fresno County Superior Court for alleged construction defects in homes Centex built ("the *Chang* action"). Centex tendered the *Chang* action to Plaintiffs under the policies Plaintiffs issued. Plaintiffs brought suit in this Court over a dispute that arose between the parties regarding their respective duties in handling the *Chang* action.

Currently before the Court is Centex's motion to dismiss the complaint in its entirety on the ground that this Court lacks subject matter jurisdiction over the complaint and, even assuming the Court does have jurisdiction, Plaintiffs' three causes of action must be dismissed under Fed. R. Civ. P.

1

12(b)(6) because they fail to state claims upon which the Court can grant relief. The matter was originally set for hearing on May 21, 2014. After reviewing the submissions of the parties in light of the entire record, the Court does not believe oral argument is necessary to aid resolution of the disputes, and hereby rules on the papers pursuant to Local Rule 230(g). For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Centex's motion to dismiss.

## II. BACKGROUND

Plaintiffs filed a first amended complaint ("FAC") on April 3, 2014. Doc. 8. The FAC alleges three causes of action against Centex for (1) declaratory relief; (2) breach of contract; and (3) equitable relief. The following facts are drawn from the FAC and are assumed as true for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

Centex is a residential homebuilder. Centex requires its subcontractors to obtain commercial general liability insurance to name Centex as an "additional insured" under the policies. Plaintiffs issued insurance policies to Centex's subcontractors, Fresno Precision Plastics, Inc. ("Fresno") and Ken Perry Tile, Inc. ("Ken Perry") ("the insurance policies").

Fresno and Ken Perry were involved in the construction of a housing community in Fresno, California. Homeowners in that housing community brought the *Chang* action against Centex, Fresno, and Ken Perry, among others, in Fresno County Superior Court for allegedly defective construction of their homes.

Centex tendered the *Chang* action to Plaintiffs as an additional insured under its policies issued to Fresno and Ken Perry. Plaintiffs acknowledged receipt of Centex's tender and "plans to accept [it] . . . and agree to defend [Centex] in the [*Chang* action] . . . as an additional insured under the Fresno Policies." FAC, ¶¶ 14, 16. Plaintiffs alleges it "will assert its right to retain counsel of its choosing to represent and defend" Centex in the *Chang* action. *Id.* Plaintiffs assert that Centex has breached the parties' agreements contained in the insurance policies in that Centex "has refused or will refuse" to accept Plaintiffs' choice of counsel and "is demanding or will demand independent counsel." FAC, ¶ 17.

Plaintiffs allege it suffered damages in excess of $75,000 in the form of fees and costs associated with Centex's defense in the *Chang* action. FAC, ¶ 6. Plaintiffs seek damages "in an amount to be proven at trial, but in no event less than $200,000, including but not limited to a denial of policy benefits." FAC at p. 13, ¶ 3.

Centex moves to dismiss the complaint in its entirety. Centex argues that this Court lacks jurisdiction over the complaint because the bona fide amount in controversy does not exceed $75,000.00, as required under 28 U.S.C. § 1332(a). Centex argues that, even assuming the Court has jurisdiction, all three of Plaintiffs' causes of action fail to state a claim on which the Court can grant relief.

Plaintiffs filed an opposition on May 7, 2014. Doc. 12. Plaintiffs assert that this Court has jurisdiction over the complaint, and all of its causes of action sufficiently state claims for relief. Moreover, Plaintiffs assert Centex's motion to dismiss should be denied because it fails to provide Plaintiffs with adequate notice of the grounds for which it seeks to dismiss.

Centex filed a reply on May 14, 2014. Doc. 15. The reply essentially reiterates the argument Centex made in its motion for summary judgment that the Court does not have subject matter jurisdiction over the complaint and, even if it did, the complaint fails to state a cause of action.

### III. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

3

has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

**A.    Jurisdiction**

There are two requirements for invoking diversity jurisdiction: (1) diversity of citizenship; and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The parties do not dispute that there is diversity of citizenship between them. Centex asserts, however, that this Court lacks jurisdiction over the parties because the bona fide amount in controversy does not exceed $75,000.

Centex argues that Plaintiffs cannot claim in good faith that the amount in controversy exceeds $75,000 because Plaintiffs had not suffered any damages prior to filing their complaint. In support, Centex filed the declaration of Ivo Daniele, the attorney representing Centex in the *Chang* action. Doc.

4

11-3. Mr. Daniele testifies that at the time Plaintiffs filed their complaint, Centex had incurred no fees or costs associated with the *Chang* action. *Id.* at 2. Further, Mr. Daniele testifies that as of April 18, 2014, Centex had incurred only $12,777.52 in fees and costs and Plaintiffs have "paid nothing towards the defense fees and costs in the *Chang* action." *Id.*

Centex also argues that Plaintiffs have failed to satisfy their burden of establishing the amount-in-controversy requirement in that Plaintiffs have failed to separate the alleged damages between each Defendant. Centex asserts that Plaintiffs impermissibly aggregate their claims against Defendants to establish the amount-in-controversy requirement.

Diversity jurisdiction is determined at the time of the filing of a complaint. *See Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is commenced."); *see also Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570-72 (2004). "It must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). "A situation which typically meets the legal certainty test occurs where a rule of law or measure of damages limits the amount of damages recoverable." *Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983).

*Travelers Cas. Ins. Co. of America v. American Home Realty Network, Inc.*, No. C 12-2637 PJH, 2013 WL 271668 (N.D. Cal. Jan. 24, 2013) ("*Travelers I*") presents a factually analogous case. In that case, the same plaintiffs as in this case brought suit against the defendants in federal court on diversity grounds in which they sought a judicial declaration that they had no duty to defend the defendant in two underlying lawsuits. *Travelers*, 2013 WL 271668, at *1. The plaintiffs issued liability insurance policies to the defendant, who was sued on March 28, 2012 for alleged copyright infringement by two different plaintiffs in two different federal courts. *Id.* The defendant notified the plaintiffs of the lawsuits on April 9, 2012, and requested a defense and indemnity from the plaintiffs. *Id.* On May 22, 2012, the plaintiffs filed suit against the defendant in which they sought a judicial declaration as to whether it had to defend the defendant in one of the copyright infringement cases. *Id.* The plaintiffs, however, did not accept

5

tender of the defendant's defense in that case until June 7, 2012. *Id.* The plaintiffs declined to defend the defendant in the other case. *Id.*

The court found that because the plaintiffs "did not notify defendants that it had accepted the tender of the [copyright] action until June 7, 2012, *and had not incurred any defense costs until that point*, there was no amount in controversy as of May 22, 2012 when the complaint was filed." *Id.* (emphasis added). Thus, the court found it lacked subject matter jurisdiction over the complaint and dismissed it. *Id.*; *see also Travelers Cas. Ins. Co. of America v. American Home Realty Network, Inc.*, No. 13-360 SC, 2013 WL 1808984, at *2 (N.D. Cal. Apr. 29, 2013) ("*Travelers II*") ("Travelers' declaratory relief action [in *Travelers I*] . . . could not satisfy the amount-in-controversy requirement because Travelers had incurred no defense costs at the time the complaint was filed.").

*Travelers II* likewise presents a factually analogous case, but with an opposite result. On the day *Travelers I* was dismissed, the defendant in that case filed a state court declaratory relief action against the plaintiffs regarding the plaintiffs' duty to defend the defendant in the copyright case that the plaintiffs declined to defend. 2013 WL 1808984, at *3. The next day, January 25, 2013, the same plaintiffs as in this case filed a complaint in federal court for declaratory relief and reimbursement for its costs in defending the defendant in both copyright cases. *Id*. Approximately two months later, on March 4, 2013, the plaintiffs agreed to defend the defendant in the copyright case that it had previously declined to defend.

The defendant moved to dismiss for lack of subject matter jurisdiction, among other things. *Id.* The plaintiffs argued that the court had subject matter jurisdiction "because its defense costs will almost certainly exceed $75,000." *Id.* The court found that "[i]n a declaratory relief action the amount in controversy 'is not what might have been recovery in money, but rather the value of the right to be protected or the injury to be prevent.'" *Id.* at 5 (quoting *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976)).

The court concluded that the plaintiffs' duty to defend the defendant in the underlying lawsuit "would result in costs totaling more than $75,000," which the court found to be "'the injury to be

6

prevented' under *Jackson*, 538 F.3d at 831." *Id.* The court therefore found that the plaintiffs had "shown that a probability of its costs exceeding the amount in controversy requirement exist[ed]," and that it was not a "'legal certainty" that [the plaintiffs'] claim is for less than the jurisdictional amount." Accordingly, the court found that it had subject matter jurisdiction. *Id.*

Here, Plaintiffs allege "the amount in controversy exceeds $75,000 and represents fees and costs sought by [Centex] from Plaintiffs in connection with its defense and/or indemnification in the [*Chang* action]." FAC, ¶ 6. Plaintiffs do not dispute that they had not incurred $75,000 at the time they filed this case. Rather, Plaintiffs assert that the amount in controversy requirement for diversity jurisdiction is satisfied because their projected costs for defending the *Chang* action exceed $75,000.

The Court finds the reasoning of the *Travelers II* opinion to be more persuasive than that of the *Travelers I* opinion. That is, the Court finds that subject matter jurisdiction exists because Plaintiffs allege their anticipated costs in defending Centex in the *Chang* action exceed $75,000. Based on the parties' filings and the Court's review of parties' other related litigation (between each other and other parties), it is certainly possible (if not likely and probable) that the costs for Plaintiffs to defend Centex in the *Chang* action will exceed $75,000. Therefore, it is not a "legal certainty" that Plaintiffs' declaratory relief claim is for less than $75,000. Accordingly, the Court finds Plaintiffs have established that the Court has jurisdiction over the complaint.

**B.     Breach of Contract/Declaratory Relief**

Centex moves to dismiss Plaintiffs' claims "for breach of contract, and its related declaratory relief claim" under Fed. R. Civ. P. 12(b)(6) on the ground that it fails to state a claim for relief. Doc. 11 at 12. Centex's motion to dismiss the claims is DENIED.

Centex asserts that Plaintiffs' claims for breach of contract and declaratory relief "fail for a simple reason: [Plaintiffs do] not allege any actual 'breach' of the insurance policies that would support a claim for monetary damages." Doc. 11 at 12. Centex argues that Plaintiffs allege "only that

7

[Defendant] (might) fail to cooperate." *Id.* Moreover, Centex argues that breach of a cooperation clause cannot constitute "a stand-alone cause of action for breach of contract." *Id.* at 11.

Centex's assertions are incorrect. In fact, the parties have already litigated this exact issue in another federal court. In *Travelers Property v. Centex Homes*, No. C 10-2757, 2011 WL 1225982 (Apr. 1, 2011), the same plaintiffs in this against brought suit against the same defendant for a declaratory judgment that the defendant "had breached its duty to cooperate under Plaintiff's insurance policies . . . [by] refusing Plaintiff's appointed counsel's representation of Defendant in the [underlying] construction defect actions." *Id.* at *1. As the court explained

> Upon being provided a defense, the insured has no right to interfere with the insurer's right to control the defense. *Safeco Ins. Co. v.Super. Ct.*, 71 Cal.App.4th 782, 787, 84 Cal.Rptr.2d 43 (1997). The right to control the defense imposes upon an insured the duty to cooperate with the insurer with regards to its defense. *Truck Ins. Exch.*, 79 Cal.App.4th at 979, 94 Cal.Rptr.2d 516. Failure to comply with a policy's cooperation clause constitutes breach of the insurance contract. *See Hall v. Travelers Ins. Cos.*, 15 Cal.App.3d 304, 308–09, 93 Cal.Rptr. 159 (1971).

*Id.* at 6. The court found that "Defendant breached its duty to cooperate by refusing to accept Plaintiff's counsel." *Id.*[1]

Here, Plaintiffs allege exactly the same claims.  Among other things, Plaintiffs assert that Centex's "refusal to acknowledge that [Plaintiffs have] the right to control the defense and select counsel, its refusal to accept said counsel, and its insistence that [Plaintiffs] continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the [insurance policies]." FAC, ¶¶ 21, 26. Thus, Plaintiffs seek "a declaratory judgment . . . so that the respective rights, duties, and obligations as between [the parties] may be determined under the provisions of the applicable policies of

---

[1] Centex asserts that the plaintiffs in that case did not sue for breach of contract and that the court's discussion of breach of the cooperation clause was in the context of the defendant's affirmative defense (breach of cooperation clause). *See* Doc. 15 at 6-7. Centex is incorrect. As the court noted, "Plaintiff also argues that Defendant breached its duty to cooperate with its initial refusal to produce the wrap policies to Plaintiff." *Travelers*, 2011 WL 1225982, at *6 n.5. The court found, however, that "[b]ecause . . . the Defendant breached its duty to cooperate through its refusal of Plaintiff's counsel, a full analysis of whether Defendant breached through other means is not necessary." *Id.*

8

insurance." FAC ¶¶ 22, 27. Simply stated, Plaintiffs allege that Centex's undisputed refusal to permit Plaintiffs to appoint counsel of their choosing is a breach of the parties' insurance contract and that a declaratory judgment is necessary to determine whether that allegation is correct.

Centex asserts that Plaintiffs' breach of contract claim fails because Plaintiffs do not allege that they were prejudiced, much less substantially prejudiced, by Centex's alleged failure to cooperate. Plaintiffs allege that Centex's refusal to cooperate has "substantially prejudiced [Plaintiffs'] ability to provide [Centex] with a defense, thereby relieving [Plaintiffs] of [their] obligations under the policies." FAC ¶¶ 31, 34. Moreover, that allegation is only necessary to support Plaintiffs' contention that Centex's refusal to cooperate has relieved Plaintiffs of their obligations to Centex under the insurance policies. The Court notes that another court found that Centex's refusal to allow its insurer to control Centex's defense in similar litigation was a clear breach of its duty to cooperate under similar insurance policies, which, as a matter of law, relieved the insurer of its duties to defend and indemnify Centex. *See Travelers*, 2011 WL 1225982, at *7.

The Court finds that Plaintiffs have stated claims for declaratory relief and breach of contract. Centex's motion to dismiss Plaintiffs' claims for declaratory relief and breach of contract is DENIED.

**C.   Equitable Reimbursement**

To state a claim for equitable reimbursement, Plaintiffs must plead that (1) they agreed to immediately defend Defendant in the *Chang* action in its entirety; (2) they paid money to defend claims against Defendant "that are not even potentially covered" under the insurance policies; and (3) they reserved their right to seek reimbursement. *Buss v. Superior Court*, 16 Cal.4th 35, 47-50 (1997).

The undisputed facts show that the *Chang* action is ongoing. Therefore, Centex claims that, as a matter of logic, Plaintiffs cannot state a claim for equitable reimbursement because they have defended Centex in the *Chang* action in its entirety.

The Court agrees with Centex. The cause of action for equitable reimbursement is "premised on a 'defend now seek reimbursement later' theory." *State v. Pac. Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998). Accordingly, a plaintiff-insurer may seek a claim for equitable reimbursement only "*after*

*providing an entire defense.*" *Id.* (emphasis in original). Because the *Chang* action is ongoing, Plaintiffs have not defended Defendant for the entirety of that action. The Court therefore GRANTS Centex's motion to dismiss Plaintiffs' third cause of action.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Centex's motion to dismiss Plaintiffs first and second causes of action and GRANTS Centex's motion to dismiss Plaintiffs' third cause of action. Plaintiffs shall file any amended complaint within 20 days of electronic service of this order, but will be given only one chance to do so if it wishes. This Court is not, and should not be, a service for writing pleadings for parties by having to rule on pleading decisions more than once.

The May 21, 2014 hearing date is VACATED.

IT IS SO ORDERED.

Dated: **May 15, 2014**      **/s/ Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE