UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, et al.,<br><br>Defendants. | 1:14-CV-217-LJO-GSA<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 22) |

## I. INTRODUCTION

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Fresno County Superior Court. On February 18, 2014, Plaintiffs brought suit in this Court against Defendants based on the undisputed diversity of citizenship between the parties.

Defendant Centex Homes ("Centex"), a residential homebuilding company, obtained commercial general liability insurance from Plaintiffs. In December 2013, homeowners brought suit against Centex in Fresno County Superior Court for alleged construction defects in homes Centex built ("the *Chang* action"). Centex tendered the *Chang* action to Plaintiffs under the policies Plaintiffs issued. Plaintiffs brought suit in this Court over a dispute that arose between the parties regarding their respective duties in handling the *Chang* action.

On May 15, 2014, the Court granted in part and denied in part Centex's motion to dismiss Plaintiffs' first amended complaint. Doc. 16. Specifically, the Court granted Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement. *Id.* at 9-10. The Court granted Plaintiffs

1

leave to file an amended complaint. *Id.* at 10. Plaintiffs filed a second amended complaint ("SAC") on June 4, 2014. Doc. 18.

Currently before the Court is Centex's motion to dismiss under Fed. R. Civ. P. 12(b)(6) Plaintiffs' third cause of action for equitable reimbursement on the ground it fails to state a claim for relief. Doc. 22. For the reasons discussed below, the Court GRANTS WITHOUT LEAVE TO AMEND Centex's motion to dismiss.

## II. BACKGROUND[1]

Centex is a residential homebuilder. Centex requires its subcontractors to obtain commercial general liability insurance to name Centex as an "additional insured" under the policies. Plaintiffs issued insurance policies to Centex's subcontractors, Fresno Precision Plastics, Inc. ("Fresno") and Ken Perry Tile, Inc. ("Ken Perry") ("the insurance policies").

Fresno and Ken Perry were involved in the construction of a housing community in Fresno, California. Homeowners in that housing community brought the *Chang* action against Centex, Fresno, and Ken Perry, among others, in Fresno County Superior Court for allegedly defective construction of their homes.

Centex tendered the *Chang* action to Plaintiffs as an additional insured under its policies issued to Fresno and Ken Perry. Plaintiffs acknowledged receipt of Centex's tender and "plans to accept [it] . . . and agree to defend [Centex] in the [*Chang* action] . . . as an additional insured under the [insurance policies]." SAC at ¶¶ 14, 16. Plaintiffs alleges it "will assert its right to retain counsel of its choosing to represent and defend" Centex in the *Chang* action. *Id.* at ¶ 14. Plaintiffs assert that Centex has breached "the cooperation clause" contained in the insurance policies in that Centex "has refused or will refuse" to accept Plaintiffs' choice of counsel in the *Chang* action and "is demanding or will demand independent counsel." *Id.* at ¶ 17. Plaintiffs allege it suffered damages in excess of $75,000 in the form

---

[1] The following facts are drawn from the FAC and are assumed as true for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

of fees and costs associated with Centex's defense in the *Chang* action. *Id.* at ¶ 6. Plaintiffs seek damages "in an amount to be proven at trial, but in no event less than $200,000, including but not limited to a denial of policy benefits." *Id.* at 14, ¶ 3.

Centex moves to dismiss Plaintiffs' third cause of action for equitable reimbursement. For the reasons discussed below, the Court GRANTS WITHOUT LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action.

### III. <u>STANDARD OF DECISION</u>

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

To state a claim for equitable reimbursement, Plaintiffs must plead that (1) they agreed to immediately defend Defendant in the *Chang* action in its entirety; (2) they paid money to defend claims against Defendant "that are not even potentially covered" under the insurance policies; and (3) they reserved their right to seek reimbursement. *Buss v. Superior Court*, 16 Cal.4th 35, 47-50 (1997). The cause of action for equitable reimbursement is "premised on a 'defend now seek reimbursement later' theory." *State v. Pac. Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998). To defend entirely, an insurer must defend its insured "until the underlying lawsuit is concluded, or until it has been shown that there is no potential for coverage." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 655 (2005).

Centex moves to dismiss Plaintiffs' claim for equitable reimbursement on the grounds that (1) Plaintiffs did not "immediately" agree to defend Centex against the *Chang* action; (2) Plaintiffs did not "fully" defend Centex against the *Chang* action; and (3) Plaintiffs did not defend Centex against the *Chang* action in its entirety. Doc. 22 at 3.

**A.      Whether Plaintiffs Defended the *Chang* Action Entirely.**

The Court previously dismissed Plaintiffs' claim for equitable reimbursement on the ground that they had not defended Centex "entirely" because the *Chang* action was ongoing. Doc. 16 at 9 (citing *State v. Pac. Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998)). However, as Plaintiffs correctly point out, an insurer provides an entire defense where it defends an insured until its duty to defend ceases. *See Scottsdale*, 36 Cal.4th at 643. This occurs where "it has been shown that there is no potential for

4

coverage." *Id.* As the California Supreme Court explained, an insurer's duty to defend an insured thus "continues until the third party litigation ends, unless the insurer sooner proves, by facts subsequently developed, that the potential for coverage which previously appeared cannot possibly materialize, or no longer exists." *Id.* at 657.

Thus, Plaintiffs correctly asserts that, as a matter of logic, there is no potential for coverage where the insurer has no duty to defend. Doc. 24 at 16. Thus, the Court erred in concluding that, as a matter of law, the *Chang* action must conclude before Plaintiffs may allege that they defended the action in its entirety.[2] Plaintiffs may in fact allege that they defended the *Chang* action entirely insofar as they allege the action provides no further potential for coverage. *See Scottsdale*, 36 Cal.4th at 643.

Plaintiffs assert that where, as here, "an insured breaches the cooperation clause, the insurer's performance under the policy – i.e., its duty to defend and indemnify – is excused if the insured substantially prejudices its ability to provide a defense." Doc. 24 at 17. Plaintiffs allege that Centex's breach of the cooperation clause "substantially prejudiced [their] ability to provide [Centex] with a defense, thereby relieving [Plaintiffs] of its obligations under the policies." SAC at ¶¶ 30, 34. Plaintiffs therefore assert that they defended the *Chang* action entirely in that they no longer owe any duty to defend Centex in that action. *Id.*; *see also* Doc. 24 at 17-18. As the Court noted in its prior order,

> another court found that Centex's refusal to allow its insurer to control Centex's defense in similar litigation was a clear breach of its duty to cooperate under similar policies, which, as a matter of law, relieved the insurer of its duties to defend and indemnify Centex.

Doc. 16 at 9 (citing *Travelers Prop. v. Centex Homes*, No. C 10-2757, 2011 WL 1225982, at *7 ("Defendant's breach involved a failure to cooperate and a denial of the Plaintiff's right to defend the underlying actions . . . Therefore, Defendant substantially prejudiced Plaintiff, which relieves Plaintiff of its duties to defend and indemnify Defendant [in the underlying actions].")

---

[2] Under the law of the case doctrine, the Court may subsequently depart from a prior decision where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997). The Court finds that its prior holding that Plaintiffs may not assert a claim for equitable reimbursement until the *Chang* action resolves was clearly erroneous in that it applied the law incorrectly, as discussed below.

5

The Court finds that Plaintiffs' allegations that they no longer owe any duty to defend Centex in the *Chang* action due to Centex's breach of the insurance policies, *see* SAC at ¶¶ 30, 34, provides sufficient facts to support a finding that "there is no potential for coverage." *Scottsdale*, 36 Cal.4th at 643; *see also Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 976 (2000) ("Where an insured violates the cooperation clause, the insurer's performance is excused if its ability to provide a defense has been substantially prejudiced."). Accordingly, Plaintiffs have pled that they defended the *Chang* action entirely in that they allege that any further duty to defend has been excused.

B.      **Whether Plaintiffs Agreed to Defend the *Chang* Action Immediately.**

Centex asserts that Plaintiffs have failed to state a claim for equitable reimbursement because they do not allege that they "immediately" agreed to defend Centex in the *Chang* action. Doc. 22 at 9. Notably, Plaintiffs do not address this argument in their opposition to Centex's motion to dismiss. *See generally* Doc. 24.

The SAC does not allege facts demonstrating that Plaintiffs immediately agreed to defend the *Chang* action upon Centex's tender of the case to Plaintiffs. In fact, the SAC suggests otherwise. Plaintiffs allege that Centex tendered the *Chang* action, although they do not state when this occurred. *See* SAC at ¶ 13. Plaintiffs allege that they "acknowledged receipt of [Centex's] tender," and "[t]o the extent that [Plaintiffs] ha[ve] not done so already, [Plaintiffs] plan[] to accept [Centex's] tender and agree to defend [Centex]" in the *Chang* action. *Id.* at ¶ 14. The SAC further states that upon Plaintiffs' "planned acceptance of [Centex's] tender, [Plaintiffs] will assert [their] right to retain counsel of [their] choosing to represent and defense [Centex]" in the *Chang* action. *Id.*; *see also id.* at ¶ 16 (same).

The *Chang* action commenced in December 2013, yet Plaintiffs allegedly still "plan to accept" Centex's tender of the action as of June 4, 2014, the day on which they filed the SAC. Plaintiffs do not provide any facts as to when Centex's tender occurred, but the fact that Plaintiffs allegedly still have not agreed to accept the tender and defend Centex suggests that any acceptance in the future will not have occurred "immediately." Regardless, in the absence of any clear allegation that Plaintiffs immediately agreed to defend Centex in the *Chang* action, Plaintiffs' claim for equitable reimbursement fails.

Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITHOUT LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement. The August 13, 2014 hearing date is VACATED.

IT IS SO ORDERED.

Dated: __**July 30, 2014**__            ____/s/ Lawrence J. O'Neill____
                                        UNITED STATES DISTRICT JUDGE