UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CENTEX HOMES, et al.,**<br><br>**Defendants.** | **1:14-cv-217-LJO-GSA**<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. 29) OF MEMORANDUM DECISION AND ORDER (Doc. 26)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Travelers Indemnity Company of Connecticut and Travelers Casualty Insurance Company of America (collectively, "Plaintiffs") filed this suit against Defendants Centex Homes and Centex Real Estate Corporation (collectively, "Centex") on February 18, 2014. Doc. 1. On April 3, 2014, Plaintiffs filed a first amended complaint ("the FAC") in which they alleged three causes of action for (1) declaratory relief, (2) breach of contract, and (3) equitable reimbursement. Doc. 8.

On May 15, 2014, the Court granted with leave to amend Centex's motion to dismiss Plaintiffs' third claim for equitable reimbursement. Doc. 16 at 10. The Court found that Plaintiffs' equitable reimbursement claim failed because the underlying state court lawsuit between the parties—the basis for the claim—was still pending in state court. *Id.* at 9-10. The Court did not address Centex's other arguments as to why Plaintiffs' claim failed. Specifically, the Court did not address Centex's argument that Plaintiffs' equitable reimbursement claim failed because the FAC did not allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court action. *See* Doc. 11 at 19-20.

Plaintiffs filed a second amended complaint ("the SAC") on June 4, 2014. Doc. 17, Second

1

Amended Complaint ("SAC"). On June 30, 2014, Centex moved to dismiss Plaintiffs' equitable reimbursement claim. Doc. 22 at 3. Centex argued that the claim should be dismissed for multiple reasons, including the fact that the SAC did not allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court action. *Id.* at 3, 9-10. Plaintiffs did not address this argument in their opposition to Centex's motion to dismiss. *See* Doc. 24 at 2.

On July 30, 2014, the Court granted without leave to amend Plaintiffs' claim for equitable reimbursement. Doc. 26 ("the July 30, 2014 order") at 6-7. The Court acknowledged that it erred in holding that Plaintiffs' equitable reimbursement claim failed as a matter of law because the state court lawsuit between the parties was ongoing at the time Plaintiffs filed this case. *See id.* at 5, n.2. The Court found that Plaintiffs' equitable reimbursement claim nonetheless failed because the SAC failed to allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court lawsuit after Centex tendered the case to Plaintiffs. *Id.* at 6. The Court therefore granted without leave to amend Centex's motion to dismiss Plaintiffs' third claim for equitable reimbursement. *Id.* at 7.

Currently pending before the Court is Plaintiffs' motion for reconsideration of the July 30, 2014 order. Doc. 29.[1] For the following reasons, the Court GRANTS Plaintiffs' motion.

## II. STANDARD OF DECISION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(c)(1).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en

---

[1] The Court construes Plaintiffs motion to have been brought under Fed. R. Civ. P. 60(b).

2

banc ). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).

Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore, Moore's Federal Practice § 59.30 [4] (3d ed. 2000)). "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Palute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

### III. DISCUSSION

Plaintiffs request that the Court reconsider the July 30, 2014 order to the extent that it did not grant Plaintiffs leave to amend their third cause of action for equitable reimbursement. Doc. 29 at 6. Plaintiffs acknowledge that the SAC did not allege the date on which Centex tendered the underlying state court action or the date on which Plaintiffs agreed to defend Centex in that case. *Id.* at 7.

Plaintiffs argue, however, that the documents submitted in support of their opposition to Centex's second motion to dismiss demonstrate that they immediately agreed to defend Centex. Specifically, Plaintiffs argue that the declaration of Antony Vandermoore provides the date on which Centex tendered the underlying state court action to Plaintiffs (February 12-13, 2014) and the date on which Plaintiffs agreed to defend that action (February 19, 2014). Doc. 29 at 2 (citing Doc. 24-1). Attached to Mr. Vandermoore's declaration is correspondence between the parties that corroborates his testimony. *See* Doc. 24-1 at 6, 12 (letter stating Plaintiffs agreed to defend Centex in underlying state

court action on February 19, 2014).

The Court finds that Plaintiffs should be granted leave to amend their third cause of action for equitable reimbursement because amendment appears possible. *See United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of America*, 919 F.2d 1298, 1402 (9th Cir. 1990) (holding that denying leave to amend "is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made"). This justifies relief from the Court's prior order dismissing the claim without leave to amend.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for reconsideration (Doc. 29). The July 30, 2014 order (Doc. 26) is AMENDED to grant Plaintiffs leave to amend. Any amended complaint shall be filed on or before August 29, 2014.

IT IS SO ORDERED.

Dated:   **August 18, 2014**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE